UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, *et al.*,

                                        Petitioners,

                        -v-

VISION CONSTRUCTION & INSTALLATION, INC.,

                                        Respondent.

24 Civ. 2503 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioners—the Trustees of the New York City District Council of Carpenters Pension

Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational

and Industry Fund, and Trustees of the New York City Carpenters Relief and Charity Fund ("the

Trustees" of "the Funds")—seek confirmation of an arbitral award issued against respondent

Vision Construction & Installation, Inc. ("Vision Construction"). Dkt. 1 ("Pet."), Ex. 13

("Award"). Vision Construction is an employer bound by a Collective Bargaining Agreement

("CBA") with the New York City District Council of Carpenters ("the Union"). *Id.*, Ex. 1 (copy

of agreement). On April 2, 2024, petitioners commenced this action, pursuant to Section 301(c)

of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following

reasons, the Court confirms the Award.

I.      **Background**

        A.      **The Parties and Their Agreements**

        The Funds comprise multiemployer labor-management trust funds organized and

maintained pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §§ 1001 *et seq.*, and charitable organizations established under state law. Pet. ¶¶ 4–6. Vision Construction is an "employer" in an industry affecting commerce and maintained this status at all times relevant to this lawsuit. *Id.* ¶ 7.

At all relevant times, Vision Construction was party to an Independent Building Construction Agreement (the "CBA") with the Union. *Id.* ¶ 13; *see also id.* ¶¶ 9, 11–12. Vision Construction was bound under the CBA to pay certain contributions to the Funds for all covered employees. *Id.* ¶ 14. As a participating employer with the Funds, Vision Construction was also bound to the documents, policies, and regulations adopted by the Trustees, *id.* ¶ 16, which authorized the Funds to conduct an audit of each employer's books and records to ensure their compliance with the CBA, *see id.* ¶¶ 18–20. The CBA further authorized legal action by the Funds, including the commencement of arbitral proceedings, to enforce the audit provisions and collect delinquent contributions. *Id.* ¶¶ 23–24. In the event of legal action, the CBA and the Trust Agreements provide that the employer shall pay to the Funds all unpaid contributions due, interest on such unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs. *Id.* ¶ 23.

### B.    The Arbitration Award

In 2023, a dispute arose as to whether Vision Construction had made contributions owed to the Funds between January 1, 2020 and December 15, 2022. *Id.* ¶ 25. The Funds had attempted to conduct an audit of Vision Construction's books and records, pursuant to the CBA, *see id.* ¶¶ 18–21, but Vision Construction failed to cooperate fully with the Funds' auditors, *id.* ¶ 26. Petitioners initiated arbitration proceedings before arbitrator J.J. Pierson, Esq., *see id.* ¶ 28, and a notice of the scheduled hearing was sent to Vision Construction, *see* Award at 2. Vision Construction, however, did not appear at the hearing, held on January 29, 2024. *Id.*

Petitioners presented evidence, including an estimated audit report, which detailed Vision Construction's failure to make fringe benefit contributions, and associated interest during a period from January 1, 2020 and December 15, 2022. *Id.* On January 31, 2024, arbitrator Pierson issued the Award, finding that, "[b]ased on the substantial and credible evidence presented," Vision Construction owed the Funds delinquent fringe benefits in the amount of $277,030.39. *Id.* With interest, liquidated damages, attorneys' fees, court costs, and arbitration costs included, arbitrator Pierson ordered Vision Construction to pay $380,646.17 to the Funds. *Id.* at 3.

### D.    This Action

On April 2, 2024, after Vision Construction failed to comply with petitioners' demand for the Award amount, Pet. ¶ 33, petitioners filed this action seeking to confirm the Award. To date, Vision Construction has not opposed the Petition or otherwise appeared in this case.

## II.    Discussion

### A.    Applicable Legal Standards to the Enforcement of Arbitration Awards

"Arbitration awards are not self-enforcing." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up). Instead, "they must be given force and effect by being converted to judicial orders by courts." *Id.* The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110

(citations and internal quotation marks omitted). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court

> may not grant the motion without first examining the moving party's submission to
> determine if it has met its burden of demonstrating that no material issue of fact

> remains for trial. If the evidence submitted in support of the summary judgment
> motion does not meet the movant's burden of production, then summary judgment
> must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to

confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best*

*Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

**B.      Confirmation of the Arbitral Award**

On the basis of the Award, and on the very limited review that is appropriate, the Court

finds summary judgment warranted, as the Funds have shown there is no material issue of fact in

dispute. Arbitrator Pierson acted within the scope of the authority granted him by the parties,

and found the Funds provided "substantial and credible evidence" that Vision Construction "is

deficient and delinquent in remitting fringe benefit contributions to the Funds." Award at 2.

From this, the Court concludes that there is at least a "barely colorable justification for the

outcome reached," and by all indications a more than colorable one. *Michaels Realty Corp.*, 954

F.2d at 797. Accordingly, the Court confirms the Award.

**C.      Pre-Judgment Interest**

Petitioners seek pre-judgment interest on the Award. Pet. ¶ 45. The Second Circuit has

adopted a "presumption in favor of pre-judgment interest." *Waterside Ocean Navigant Co. v.*

*Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Like other courts in this District, the

Court sees no reason to depart from that presumption here. *See, e.g.*, *Trs. of N.Y.C. Dist. Council*

*of Carpenters Pension Fund v. Integrated Bus. Installations, LLC*, No. 20 Civ. 5535 (MKV),

2023 WL 6850216, at *3 (S.D.N.Y. Oct. 17, 2023) (awarding pre-judgment interest per rate

awarded by the arbitrator); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. VREX Constr. Inc.*, No. 21 Civ. 9408 (JMF), 2022 WL 19786, at *1 (S.D.N.Y. Jan. 3, 2022) (same); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Tried N True Interiors LLC*, No. 19 Civ. 2083 (GHW), 2019 WL 2327524, at *3 (S.D.N.Y. May 31, 2019) (same).  The Court thus awards petitioners 10.5% interest from the date of the Award (January 31, 2024) to the date judgment is entered.

### C.   Attorneys' Fees Associated with this Action

Petitioners also seek reasonable attorneys' fees and costs incurred in bringing this petition, to which they are entitled under the CBA and ERISA § 502(g)(2).  *See* CBA Art. XV, § 6(a)(4) ("In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following . . . reasonable attorney's fees and costs of the action."); 29 U.S.C. § 1132(g)(2) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . .").  *See generally Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049 (JFB) (GRB), 2014 WL 2600095, at *8 (E.D.N.Y. June 11, 2014).

### 1.   Attorneys' Fees

The party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The starting

point for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007)). Courts are obliged to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley*, 461 U.S. at 434). Whether hourly rates are reasonable is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens*, 522 F.3d at 190–91.

Here, petitioners seek attorneys' fees of $1,519, reflecting 4.9 hours of work. Pet. ¶ 43. To support their request for such fees, petitioners' counsel submitted an invoice that detailed the tasks performed and the hours worked. *See id.*, Ex. O ("Invoice"). This Invoice also provides the hourly rates and experience of the relevant individuals. Two attorneys worked on this case. One attorney was Jayden Peters, an associate at Virginia & Ambinder, LLP ("V&A") and a 2021 law school graduate. Pet. ¶ 40. He billed at a rate of $310 per hour for 4.5 hours worked. Invoice at 1. The other attorney was Maura Moosnick, also an associate at V&A and 2021 law school graduate. Pet. ¶ 39. She billed at a rate of $310 per hour for 0.4 hours worked. Invoice at 1. Finally, V&A billed legal assistants' time at a rate of $155 per hour, Pet. ¶ 41, but the Invoice does not list any billings for legal assistants' time.

As to Peters and Moosnicks' rate, the Court finds a small reduction warranted. "In other cases involving unopposed petitions to confirm an arbitration award, courts typically approve hourly rates of $300 to $400 for partners and $225 to $250 for associates." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Safeway Installation Corp.*, No. 19 Civ. 10173 (VSB), 2023 WL 2596939, at *3 (S.D.N.Y. Mar. 22, 2023). Some courts in this Circuit have approved higher rates, up to $290, to account for inflation. *See, e.g.*, *Trs. of N. Atl. States Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. BP Interiors Corp.*, No. 23 Civ. 2282 (GRB) (ST), 2023 WL 7001357, at *5 (E.D.N.Y. Sept. 13, 2023) (awarding $275 per hour); *Finkel v. DNR Elec. Inc.*, No. 22 Civ. 6895 (PKC) (MMH), 2023 WL 5956814, at *2 (E.D.N.Y. Sept. 13, 2023) (awarding $290 per hour); *Finkel v. J&H Elec. Contracting, Inc.*, No. 22 Civ. 6298 (HG), 2023 WL 4763366, at *3 (E.D.N.Y. July 26, 2023) (same); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Nat'l Retail Installation Corp.*, No. 22 Civ. 6876 (RA), 2023 WL 3260263, at *2 (S.D.N.Y. May 4, 2023) (awarding $275 per hour). In line with these decisions, the Court finds a $290 hourly rate reasonable in this case.

"As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are 'reasonable.'" *Finkel v. Jones Lang LaSalle Am., Inc.*, No. 08 Civ. 2333 (RRM) (RML), 2009 WL 5172869, at *5 (E.D.N.Y. Dec. 30, 2009) (citation omitted); *see also McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). The Court has reviewed the Invoice provided by petitioners' counsel, and it reflects sound billing practices: It is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort. Accordingly, the Court finds the hours that counsel expended reasonable.

The Court therefore grants petitioners' counsel attorneys' fees in the amount of $1,421 (rather than $1,519, as requested).

### 2. Costs

To support their request for reasonable costs, petitioner' counsel included an itemization of the costs incurred over the course of this action. Petitioners seek to recover $70 for costs in service fees. Pet. ¶ 44. Courts in this Circuit will generally grant "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). The Court finds the stated expense reasonable and therefore awards petitioner costs in the amount of $70.

Accordingly, the Court grants petitioners' requests for reasonable attorneys' fees (as modified above) and costs, in the total amount of $1,491 ($1,421 plus $70).

### E. Post-Judgment Interest

Petitioners finally seek post-judgment interest on both the award and their attorneys' fees. Pet. ¶ 45. Post-judgment interest under § 1961 is mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13.

Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award. The Court awards judgment in petitioners' favor in the amount of: (i) $380,646.17, plus 10.5% interest from January 31, 2024 to the date judgment is entered; (ii) an additional $1,491 in attorneys' fees and costs related to this action; and (iii) post-judgment interest, pursuant to 28 U.S.C. § 1961(a), accruing from the date of judgment until Vision Construction has paid the full amount.

The Court respectfully directs the Clerk of Court to enter judgment accordingly, to terminate all pending motions, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 12, 2024
       New York, New York